IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH T. WARESAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02:04cv1418 |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER OF COURT**

Presently before the Court for disposition is the unopposed MOTION TO DISMISS filed by Defendant State Farm Mutual Automobile Insurance Company, with brief in support (*Document Nos. 16 and 17, respectively*). After careful consideration, the Court will grant the Motion to Dismiss.

Plaintiff has filed a four-count Amended Complaint against State Farm Mutual Automobile Insurance Company ("State Farm") in which he alleges religious discrimination in violation of Title VII of the Civil Rights Act of 1964. State Farm contends that Plaintiff's Amended Complaint should be dismissed for failure to exhaust administrative remedies. The Court agrees.

The claims of this lawsuit arise out of Plaintiff's March 13, 2003 demotion and his subsequent resignation allegedly prompted by work place harassment which occurred after his demotion.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 27, 2004 in which he alleged that he was the victim of religious discrimination and retaliation when he was demoted on March 13, 2003. The EEOC

charge did not challenge the alleged subsequent workplace harassment/ constructive discharge which is now also raised in the Amended Complaint.

It is well established that a plaintiff alleging violations of Title VII must exhaust administrative remedies before filing a suit in federal court. *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398 (3d Cir. 1976). A plaintiff must file a timely charge of discrimination with the EEOC in order to successfully exhaust administrative remedies. *Id.* Failure to file a timely charge with the EEOC precludes a plaintiff from bringing a federal lawsuit in which he or she alleges discriminatory conduct. 42 U.S.C. § 2000e-5(e). In Pennsylvania, for a charge to be timely, it must be filed with the EEOC no later than 300 days after the challenged unlawful employment practice. 42 U.S.C. § 2000e-5(e).

As stated *supra*, Plaintiff filed his charge of discrimination with the EEOC on February 27, 2004, and his sole allegation of discrimination in that charge concerned his March 13, 2003 demotion. February 27, 2004 was <u>351 days</u> after March 13, 2003. Clearly outside the 300-day window for filing an EEOC claim.

Because Plaintiff filed his EEOC charge more than 300 days after the only discriminatory act challenged, the Court finds and rules that his Title VII claims are untimely and Plaintiff's Amended Complaint against State Farm will be dismissed in its entirety with prejudice.

**AND NOW**, this 6th day of September, 2005, it is hereby **ORDERED, ADJUDGED AND DECREED** that the unopposed Motion to Dismiss filed by State Farm Automobile Insurance Company is **GRANTED** and this action is dismissed with prejudice forthwith.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:   John P. Smarto, Esquire
Westminster Place
329 West Otterman Street
Greensburg, PA 15601

Robert F. Prorok, Esquire
Reed Smith
Email: rprorok@reedsmith.com

Abigail D. Flynn-Kozara, Esquire
Reed Smith
Email: aflynn-kozara@reedsmith.com

Thomas J. Lovelass
State Farm Insurance Companies
One State Farm Plaza
E-7
Bloomington, IL 61710